IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY WAYNE McELYEA, # 252682, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:17cv169-WKW |
| ) | (WO) |
| CHRISTOPHER GORDY, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Tony Wayne McElyea ("McElyea"), a state inmate incarcerated at the Limestone Correctional Facility in Harvest, Alabama. (Doc. No. 1.) McElyea challenges his 2007 conviction in the Circuit Court of Madison County on one count of rape in the first degree and two counts of sodomy in the first degree. McEleyea was convicted after a jury trial in March 2007, and in May 2007, he was sentenced to three concurrent life terms in prison.

**DISCUSSION**

Title 28 U.S.C. § 2241(d) provides:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Thus, petitions for writ of habeas corpus brought under 28 U.S.C. § 2254 may be filed either in the federal district court for the district of the state court of conviction or the federal district court in the district of incarceration in that state.

McElyea was convicted and sentenced in Madison County, Alabama, and he is incarcerated at the Limestone Correctional Facility in Harvest, Alabama, which is in Limestone County Alabama. Madison County and Limestone County both are within the federal judicial district of the United States District Court for the Northern District of Alabama. Consequently, this court does not have jurisdiction to entertain McElyea's § 2254 petition.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because McElyea is proceeding *pro se* and seeks habeas corpus relief, the court believes it would be in the interest of justice to transfer this case to the United States District Court for the Northern District of Alabama under § 1631.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before April 12, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court

except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 30th day of March, 2017.

    /s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE